# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| MICHAEL CARTER, BRIAN COSBY, ERNEST SNIPES, FREDERICK GREEN JR., MAURICE PAGE, JEROME GARDNER, LONNIE HOLMES, ALLEN WILLIAMS, KENNETH FALLS, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF ST. LOUIS <br> Serve: Mayor Tishaura Jones <br> 1200 Market St., Room 200 <br> St. Louis, MO 63103 <br><br> and <br><br> THE CITY OF ST. LOUIS REFUSE DIVISON <br> Serve: Randy Breitenfeld <br> 4100 S. 1st St. <br> St. Louis, MO 63103 <br><br> and <br><br> TIMOTHY BANTA <br> in his individual and official capacity as a member of the City of St. Louis Refuse Division <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION

COMES NOW Michael Carter, Brian Cosby, Ernest Snipes, Frederick Green Jr., Maurice Page, Jerome Gardner, Lonnie Holmes, Allen Williams, and Kenneth Falls for their Petition, state and allege as follows:

1

**EXHIBIT A**

**JURISDICTIONAL ALLEGATIONS**

1. Michael Carter is a natural person with an address in St. Louis, Missouri 63031.

2. Brian Cosby is a natural person with an address in St. Louis, Missouri 63120.

3. Ernest Snipes is a natural person with an address in St. Louis, Missouri 63107.

4. Frederick Green Jr. is a natural person with an address in St. Louis, Missouri 63107.

5. Maurice Page is a natural person with an address in St. Louis, Missouri 63137.

6. Jerome Gardner is a natural person with an address in St. Louis, Missouri 63111.

7. Lonnie Holmes is a natural person with an address in St. Louis, Missouri 63118.

8. Allen Williams is a natural person with an address in St. Louis, Missouri 63112.

9. Kenneth Falls is a natural person with an address in St. Louis, Missouri 63136.

10. The City of St. Louis Refuse Division (hereinafter "Refuse Division") is responsible for collection and disposal of residential waste and also coordinates efforts to reduce the amount of waste going to landfills, such as recycling, composting, and waste reduction.

11. Randy Breitenfeld is the Deputy Commissioner of the Refuse Division.

12. Timothy Banta is a manager for the Refuse Division.

13. The City of St. Louis (hereinafter "The City") is a charter city established by and organized pursuant to the Missouri Constitution. Mo Const. Art. VI. § § 19, 31-33. The City operates under the Charter of the City of St. Louis, adopted June 30, 1914, as amended (hereinafter the "Charter"). The City is responsible for and operates the Refuse Division.

14. Plaintiffs are and were at all times relevant to this action, heavy equipment operators employed by the City through the Refuse Division.

15. Plaintiffs are all African American.

16. This Court has jurisdiction over the parties to this civil action as more factually set forth herein.

17. Pursuant to §508.050 R.S.Mo, this Court is the proper venue for this action in that the dispute arises out of the unpaid wages from the Defendants.

### COUNT I: THE FAIR LABOR STANDARDS ACT

For Count I of Plaintiffs' cause of action against all Defendants, they state as follows:

18. Defendants are employers within the meaning of 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the productions of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(C).

20. In performing their job duties, Plaintiffs have been engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(C).

21. At all times hereinafter mentioned, Plaintiffs have been individual employees who were engaged in commerce as required by 29 U.S.C. §§ 206-07.

22. Defendants have violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206-07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

23. Moreover, Defendants, particularly through Defendant Timothy Banta, have knowingly,

willfully, and with reckless disregard carried out an illegal pattern of failing to pay Plaintiffs for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

24. Defendants knew or should have known their pay practices were in violation of the FLSA.

25. Defendants are sophisticated parties, and therefore knew or should have known their pay policies were in violation of the FLSA.

26. Plaintiffs are and were unsophisticated employees who trusted Defendants to pay them according to the law.

27. The decision and practice by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

28. Accordingly, Plaintiffs are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### COUNT II: MISSOURI NOTICE OF REDUCTION OF WAGES LAW

For Count II of Plaintiffs' cause of action against all Defendants, they state as follows:

29. All previous paragraphs are incorporated as though fully set forth herein.

30. At all times hereinafter mentioned, Defendants, each individually and in concert, were a company or corporation doing business in the state within the meaning of R.S.Mo. § 290.100.

31. At all times hereinafter mentioned, Plaintiffs were employees affected by the reduction of

wages by Defendants within the meaning of R.S.Mo. § 290.100.

32. Defendants did not give thirty days' notice prior to reducing the wages of Plaintiffs as required by R.S.Mo. § 290.100.

33. Defendants did not post a written or printed handbill, specifying the class of employees whose wages were reduced and the amount of the reduction in a conspicuous place or in a place where Plaintiffs may have been at work.

34. Defendants did not mail each Plaintiff a copy of the notice or handbill specifying the class of employees whose wages were reduced and the amount of the reduction.

35. Plaintiffs have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein.

36. The Missouri Law provides that Plaintiffs are entitled to fifty dollars each, to be recovered by civil action, with costs. See R.S.Mo § 290.100.

## COUNT III: MISSOURI MINIMUM WAGE LAW

For Count III of Plaintiffs' cause of action against all Defendants, they state as follows:

37. All previous paragraphs are incorporated as though fully set forth herein.

38. At all times hereinafter mentioned, Defendants have each been an employer within the meaning of the Missouri Minimum Wage Law, R.S.Mo. § 290.500(4).

39. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of the Missouri Minimum Wage Law, R.S.Mo. § 290.500(3).

40. Defendants owe Plaintiffs wages, as defined in § 290.500(7) of the Act, to compensate them for labor and services they provided to Defendant in furtherance of their job duties.

41. Plaintiffs are not exempt from receiving overtime benefits under the Missouri Act.

42. Plaintiffs worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendants violated the Missouri Minimum Wage Law by failing to pay Plaintiffs for all hours worked on Defendants' behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. See R.S.Mo. §§ 290.502, 290.505.

43. Plaintiffs have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

44. The Missouri Minimum Wage Law provides that Plaintiffs are entitled to recover the unpaid wages and an equal amount as liquidated damages. See R.S.Mo. §§ 290.527.

45. In violating the Missouri Minimum Wage Law, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Missouri law.

**COUNT IV: PRIVATE RIGHT OF ACTION CREATED BY CITY CHARTER**

For Count IV of Plaintiffs' cause of action against all Defendants, they state as follows:

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Plaintiffs are being paid less than other heavy equipment operators employed by the City for like work.

48. Plaintiffs are Black heavy equipment operators being paid less than White heavy equipment operators employed by the City for like work.

49. The City's failure to compensate Plaintiffs in an amount equal to all other heavy equipment operators employed by the City violates City Charter Article VIII § 7 and Article XVIII §§ 2, 16.

50. The City Charter protects classes of persons, here heavy equipment operators, by requiring certain conduct on the part of the City: that all heavy equipment operators be paid equally for equal work.

51. A remedy is appropriate and necessary to promote the primary purpose of these Charter provisions and needed to ensure the effectiveness of these Charter provisions: ensuring equal pay for equal work.

52. Therefore, this Court should afford a remedy to Plaintiffs by recognizing a private right of action to enforce Article VIII § 7 and Article XVIII §§ 2 and 16 of the City Charter and awarding them damages for the City's violation of these Chater provisions.

53. Missouri courts recognize the common law principle that where there is a right, there is a remedy. Therefore, when a legislative enactment confers a special benefit on a class, members of that class have a right to bring a cause of action to enforce the right/benefit. This is equally true when the right/benefit is conferred by Charter because in such a case, the people of the City of St. Louis voted to confer the benefit of equal pay for equal work on all City employees, which is being denied to Plaintiffs.

54. The Chater provisions at issue were designed to specifically protect City employees, like Plaintiffs. Therefore, they have a right to bring a private cause of action to enforce the rights conferred upon them by the City Charter.

55. Plaintiffs performed their duties consistent with their obligations under the Charter by providing civil services, as required of them by the City.

56. Plaintiffs have been damaged as a result of Defendants' violations of the City Charter as set forth herein, including but not necessarily limited to lost wages, as well as emotional distress.

## COUNT V: EQUAL PROTECTION VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES

For Count V of Plaintiffs' cause of action against all Defendants, they state as follows:

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Plaintiffs perform the same civil service functions as all other heavy equipment operators employed by the City through the Refuse Division.

59. Plaintiffs and all other heavy equipment operators employed by the City through the Refuse Division are similarly situated.

60. The City has the duty and authority to ensure the Plaintiffs are compensated the same as all other heavy equipment operators employed by the City.

61. The Compensation paid to Plaintiffs is less than all other heavy equipment operators employed by the City through the Refuse Division, who have the same rank and length of employment.

62. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV § 1.

63. The Equal Protection Clause requires that a governmental entity treat all similarly situated people alike.

64. Plaintiffs have been singled out and treated differently from similarly situated heavy equipment operators employed by the City through the Refuse Division because they are receiving less compensation then other heavy equipment operators of the same rank and years of service.

65. The difference in compensation paid to Plaintiffs and other heavy equipment operators is

so unrelated to any legitimate purpose that it is irrational, particularly when the City Charter mandates equal pay for equal work.

66. Plaintiffs are African American and are paid less than other similarly situated White employees.

67. Defendants' acts and/or omissions set forth herein are in violation of the Fourteenth Amendment.

68. As a direct and proximate result of the acts and/or omissions of the Defendants as set forth herein, Plaintiffs have been damaged, including lost wages, as well as emotional pain and suffering.

69. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Plaintiffs' Fourteenth Amendment rights, justifying an award of punitive damages against them in their individual capacities so as to punish them and to deter them and others from engaging in similar conduct in the future.

## COUNT VI: BREACH OF CONTRACT

For Count VI of Plaintiffs' cause of action against all Defendants, they state as follows:

70. All previous paragraphs are incorporated as though fully set forth herein.

71. During times relevant, Plaintiffs entered into contracts with Defendants whereby such persons agreed to perform services as part of their employment by Defendants and Defendants agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the contracts").

72. Defendants breached and violated the contracts by failing to pay Plaintiffs for time worked.

73. Plaintiffs performed their duties under the contract and were damaged by Defendants' breach.

9

## COUNT VII: QUANTUM MERUIT

For Count VII of Plaintiffs' cause of action against all Defendants, they state as follows:

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Defendants recognized the benefits conferred upon it by Plaintiffs.

76. Defendants accepted and retained the benefits under circumstances that would render such retention inequitable.

77. Defendants have thereby been unjustly enriched, and Plaintiffs are damaged.

78. The payment requested by Plaintiffs for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

79. Plaintiffs are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

80. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## COUNT VIII: UNJUST ENRICHMENT

For Count VIII of Plaintiffs' cause of action against all Defendants, they state as follows:

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Plaintiffs conferred benefits on Defendants and Defendants received such benefits conferred upon by Plaintiffs.

83. Defendants appreciated the benefits under the circumstances that rendered such retention inequitable.

84. Defendants have thereby been unjustly enriched and/or Plaintiffs have been damaged.

## CONCLUSION

WHEREFORE, all Plaintiffs request judgment in their favor against Defendants, awarding all unpaid wages, including overtime, lost wages and benefits, liquidated damages, front wages, emotional distress damages, compensatory damages, punitive damages, pre- and post- judgment interest, and attorney's fees and costs, as well as any other relief this Court deems may be just and proper.

Respectfully submitted,

HARTNETT REYES-JONES, LLC

/s/ Daniel J. Sparks
DANIEL J. SPARKS, No. 75348
JAMES P. FAUL, No. 58799
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:   314-531-1131
dsparks@hrjlaw.com
jfaul@hrjlaw.com

Attorneys for Plaintiffs