UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CARTER, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:23-cv-01548-CDP |
| ) | |
| vs. ) | |
| ) | |
| THE CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Come now Plaintiffs with their memorandum pursuant to Local Rule 4.01(B). Defendant's opposition to Plaintiffs' First Amended Complaint ("FAC") is meritless.

**LEGAL STANDARD**

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Rule 12(b)(6) applies to a complaint lacking "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts apply this standard by construing complaints in plaintiffs' favor, accepting factual allegations as true. *Id.* at 555; see also *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008); *Healy v. Fox*, 46 F.4th 739, 743 (8th Cir. 2022).

"To survive a motion to dismiss, a plaintiff need only 'allege sufficient factual matter, accepted as true, to support a reasonable and plausible inference that she satisfies the elements of Article III standing.'" *Johnson v. Griffin*, 69 F.4th 506, 510 (8th Cir. 2023) quoting *Hawse v. Page*, 7 F.4th 685, 688–89 (8th Cir. 2021). Plaintiffs' "pleading burden is 'relatively modest.'" *Id.* quoting

1

*Bennett v. Spear*, 520 U.S. 154, 171 (1997). For Rule 8(a) "[t]he allegations need not be 'detailed'" in a pleading." *Medrano v. United States*, 159 Fed. Cl. 537, 543 (2022) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

**1. Count I alleges sufficient factual matter to state An FLSA claim.**

Plaintiffs' Fair Labor Standards Act ("FLSA") count contains sufficient facts to support their allegation, *i.e.*, they engaged work entitling pay.

For FLSA claims "there is no justification for dismissing a complaint for insufficiency of statement, except when it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him." *Musteen v. Johnson*, 133 F.2d 106, 108 (8th Cir. 1943) (internal citations omitted). The Eighth Circuit clarifies:

> Whether the work of a particular employee, in an industry that is under the Fair Labor Standards Act, is within the operation of the wage and hour provisions, or is subject to some exemption, <u>should therefore ordinarily be determined from the evidence on a trial and not from a technical construction of the pleadings</u>. A complaint, seeking to recover under the wage and hour provisions of the Act, is certainly not required to negative the exemptions of the statute in order to state a cause of action.

*Stratton v. Farmers Produce Co.,* 134 F.2d 825, 827 (8th Cir. 1943).

*Medrano v. United States* does not support dismissal. 159 Fed. Cl. 537, 543-44 (2022). *Medrano* is a "donning and doffing" analyzing pre and post shift activity for which employees were not paid, but believed they should have been paid. *Id*. at 549. Unlike *Medrano*, the FAC does not allege unpaid pre or post shift activities.

The FAC alleges Plaintiffs followed instructions by keeping accurate handwritten accounting records of their time and hours working. FAC, ¶ 30. The FAC alleges the Defendant

2

thereafter "denied Plaintiffs wages, including overtime wages, for hours <u>they worked within the Classified Service</u>." FAC, ¶ 35 (emphasis added). Facially, the FAC is constrained to work within the Classified Service, not additional non-defined work time. *Medrano* alleged work that that the employees knew they were not being paid, but believed they should have been. These Plaintiffs are alleging they worked as their employer required them and kept their own accurate time, but the employer unilaterally amended their time-cards to pay them less than the hours for which they were engaged. The *Medrano* plaintiffs desired pay for hours they were engaged and knew they were not being paid. The FAC allegation is for hours they were engaged "within the Classified Service" (¶ 35) and recorded as working time (¶ 30) but the employer unilaterally and without privilege removed.

The FAC's allegations are sufficient even under the inapplicable *Medrano* pleading standard. The FAC defines Plaintiffs' principal activities as operating and maintaining heavy equipment used in refuse storage, collection, and disposal. FAC, ¶ 21. The FAC alleges Plaintiffs performed their job duties by operating and maintaining heavy equipment used in refuse storage, collection, and disposal. FAC, ¶ 23. The FAC alleges that the functions they performed during hours worked, but the employer removed, are part of those principal activities within the Classified Service. FAC, ¶ 35. Taken together these allegations sufficiently require the Court uphold Plaintiffs' count seeking wages for the hours the employer "suffered" and "permitted" Plaintiffs to be engaged in their principal activities. 29 C.F.R. § 785.11.

Defendant similarly misapplies *Lewis v. MHM Health Pros., LLC*. *Lewis v. MHM Health Pros., LLC,* No. 4:22-CV-00228-SEP, 2023 WL 6389088, at *3 (E.D. Mo. Sept. 30, 2023). The *Lewis* complaint alleged detailed, but unpaid, actions and activities. *Id*. at *1, 2. That complaint failed because the detailed security screenings descriptions, taken as true, were as a matter of law

3

not activities entitling those employees to compensation. *Lewis*, 2023 WL 6389088 at *3. The proposition for *Lewis* is that a complaint alleging facts that do not state a cause of action pleads itself to dismissal.

The FAC is distinguishable because Plaintiffs allege they are entitled to pay for which the law requires payment. Plaintiffs operate and maintain heavy equipment used in refuse storage, collection, and disposal as HEO IIs within the Classified Service. FAC, ¶ 21. The Plaintiffs followed instructions by accurately keeping their own time and work hours for payroll purposes. FAC ¶30-32. Though the employer asked them to keep their own time, and suffered and permitted their work in the Classified Services, the defendant thereafter reduced Plaintiffs' accurately submitted hours to deny their wages for hours "worked within the Classified Service." FAC, ¶ 34, 35. The FAC alleges all the fact necessary to uphold their count of being uncompensated for working time. *See*, 29 C.F.R. § 785.11:

> Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time.

29 C.F.R. § 785.11.

*Lewis* does not support Defendant's heightened pleading preference. The *Lewis* court acknowledges "[i]f the Court can reasonably infer that the uncompensated functions are part of the principal activities, then it must deny Defendant's motion to dismiss." *Id*. Defendant's motion concedes Plaintiffs' allegation of the Plaintiffs' principal activities, acknowledging they are heavy equipment operators. Doc. 32-1 at 1. Construing the factual allegations as true, Plaintiffs alleged they were uncompensated for principal activities when their submitted work hours were decreased. FAC ¶21, 30-34. Defendant does not disagree.

4

Instead, Defendant protests that the Plaintiffs do not allege <u>specific</u> unpaid hours which all Plaintiffs were uncompensated. Rule 8 does not require this for a well-pled FLSA complaint. Eighth Circuit precedent recognizes a "special necessity, in actions under the Fair Labor Standards Act" to acquire evidence later in litigation. *Stratton v. Farmers Produce Co.*, 134 F.2d 825, 827 (8th Cir. 1943) quoting *Musteen v. Johnson*, 133 F.2d 106, 108 (8th Cir. 1943). "The questions of the existence of the validity of the claims asserted are questions of fact to be determined from evidence and not from the face of the plaintiffs' pleading." *Musteen* 133 F.2d at 108.

"The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015). The Eighth Circuit agrees. *Walkinshaw v. Saint Elizabeth Reg'l Med. Ctr.*, 428 F. Supp. 3d 171, 180 (D. Neb. 2019) (holding that plaintiffs need not plead a specific workweek in which they worked more than forty hours). The FAC alleges Defendant has possession and control of necessary documents and information to ultimately prove their case. FAC, ¶¶ 34, 77. This allegation satisfies Rule 8 because Plaintiffs cannot access more detailed records prior to discovery. At this stage it is enough to allege a) Plaintiffs are employees b) the Defendant employs and, c) while employed in their duties, d) did not receive compensation to which they are entitled. The Eighth Circuit's model jury instructions only require as much. *See*, Model Civ. Jury Instr. 8th Cir. 16.40.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The FAC alleges facts that put Defendant on notice that Defendant is simply erasing

5

Plaintiffs' submitted work hours for working time it suffered or permitted. FAC, ¶ 34; 29 C.F.R. §785.11.

## 2. Count II states sufficient factual matter to state FLSA retaliation.

The FAC states an adverse employment action supporting FLSA retaliation. A prima-facie retaliation claim requires a statutorily protected activity, an adverse employment action, and a causal connection between the two. See *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1035 (8th Cir. 2005). The FAC satisfies these elements. The FAC alleges Plaintiffs filed a FLSA claim in Missouri State Court in October of 2023, and in response the Defendant altered its established overtime policy, effectively reducing Plaintiffs' wages. FAC, ¶¶ 49-53.

Defendant concedes Plaintiffs' FLSA lawsuit is protected activity. Doc. 32-1 at 4. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015) quoting *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007). The FAC describes Defendant's adverse action as the tangible change in the overtime policy, materially disadvantaging Plaintiffs by denying them overtime pay available to them prior to the lawsuit. FAC, ¶¶ 50-54. Additionally, Defendant's Motion ignores other alleged adverse employment actions resulting from the FLSA lawsuit filing a) the material reduction of holiday pay for 10-hour drivers, b) refusal to post open route bidding, c) disrespectful behavior towards Plaintiff Cosby by a Foreman, and d) the breach of Plaintiff Holmes' seniority status. FAC, ¶¶ 56-59.

Plaintiffs' causal connection between the protected activity and the adverse action is thorough. The FAC alleges Defendant's agent publicly advertised Plaintiff Carter is to blame for refuse division changes. FAC, ¶ 60. This is a directly alleged causal connection between the

6

protected activity of filing the FLSA complaint and Defendant's adverse actions. Defendant rightly states an employment action is adverse if it might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Doc. 32-1 at 4. A Foreman pointing out and blaming a Plaintiff for a materially negative change in the employer's pay and benefit policies would intimidate and dissuade a reasonable worker from enforcing his or her FLSA rights. FAC, ¶ 60.

Forman Brown's admission aside, "[a] plaintiff can [also] establish a causal connection between his complaint and an adverse action through circumstantial evidence, such as the timing of the two events." *Eliserio v. United Steelworkers of Am. Loc. 310*, 398 F.3d 1071, 1079 (8th Cir. 2005) citing *Bainbridge v. Loffredo Gardens, Inc*., 378 F.3d 756, 761 (8th Cir.2004). A casual connection is evidenced in the FAC by the timing of the FLSA complaint filed in October 2023 and the February 2024 overtime policy change. FAC, ¶¶ 49-53. This timing standard is evidence of causal connection between the October 2023 FLSA complaint and: a) the January 2024 reduction of holiday pay, b) the February 2024 refusal to post route assignments for bidding, c) the February 2024 disrespectful Forman conduct, and d) the March 2024 breach of a Plaintiffs' seniority status. FAC, ¶¶ 56-59.

Defendant states that an employer needs only to produce evidence that it had a nonretaliatory reason for its conduct to refute a retaliation claim, but Defendant's argument is untimely as a Motion to Dismiss is limited to Plaintiffs' allegations, not evidence. The McDonnell-Douglas burden shifting framework applies to FLSA retaliation claims. *Grey v. City of Oak Grove, Mo*., 396 F.3d 1031, 1034 (8th Cir. 2005). Despite Defendant's attempt to preemptively shift the burden to Plaintiffs without evidence, under the McDonnell-Douglas framework, Plaintiffs' have an opportunity to show that any non-retaliatory reason for the adverse conduct is merely a pretext for retaliation. *Id*. at 1035.

7

3. **Count III states sufficient facts that the statute is applicable, and Plaintiffs' wages were decreased.**

Defendant argues the FAC does not allege it is a "railway, mining, express, telegraph, manufacturing or other company or corporation" covered by RSMo. § 290.100. Doc. 32-1 at 5. However, the FAC states Defendant is corporation within the statute's meaning. FAC, ¶ 64. Defendant's argument that Plaintiffs state a claim against an individual manager misrepresents the FAC. Doc. 32-1 at 5. Instead, the FAC alleges that the refuse division Commissioner, Deputy Commissioner, managers, and agents act on Defendant's behalf executing, administering, and enforcing all rules relating to the refuse division's official purposes. FAC, ¶ 3.

Plaintiffs do allege wage violations. The FAC alleges a wage reduction affecting each Plaintiff. FAC, ¶ 65. Plaintiffs allege Defendant reduced their wages from one and one-half times the regular rate of employment to the regular rate alone. FAC, ¶ 61. By way of example, if an individual is entitled to a set hourly rate of $10 and works for eight-hours, but the employer only compensates them for four-hours' work, in real terms that individual's hourly wage is reduced to $5 an hour.

Arguing for Count III's dismissal because an ordinance requires all heavy equipment operators be paid the same biweekly rate is dilatory in this pleading stage. Defendant implies it strictly abides by uniform pay laws. Doc. 32-1 at 6. Plaintiffs allege otherwise. Defendant's argument is irrelevant to the pleading standard. "A well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Twombly* 550 U.S. at 566 quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Defendant wishes to flip the standard on its head, and unduly delay Plaintiffs access to justice by asking to this Court to liberally construe the defense in the light most favorable to the defendant and accept the factual defenses as true, contra *Twombly*, *Residential Funding Corp., Titan Tire Corp.*, and *Healy v. Fox*. Infra at 1.

8

4. **Count IV states a claim under the Missouri Minimum Wage Law.**

Defendant concedes "Missouri law regulating overtime compensation is to be interpreted in accordance with the Fair Labor Standards Act." *Stanbrough v. Vitek Sols., Inc*. 445 S.W.3d 90, 97 (Mo. App. E.D. 2014). Doc. 32-1 at 6. Therefore, for the same reasons described above, both Counts I and IV survive Defendant's Motion.

5. **Count V - private right under the City Charter.**

Defendant's prayer for dismissal of Count V reiterates the initially rejected argument it made in *Ryan Lynch, et al., v. City of St. Louis, et al*. The Defendant did not inform the Court of that case's current posture. Plaintiffs will.

Plaintiffs acknowledge after filing their Motion for Leave to File the FAC, the *Lynch* court has since issued a judgement against a private right of action through the City Charter. 1622-CC10805 (Mo. 22nd Cir. Ct. 2024) (March 22, 2024). The applicable collective bargaining agreement covering Plaintiffs' wages, hours, terms, and conditions of employment incorporates aspects of the City Charter and City Ordinances to Plaintiffs' benefit. Therefore, Plaintiffs voluntarily dismiss Count V but will continue to pursue claims stated in Count VII. See *Hootsell v. Missouri Department of Corrections* 624 S.W.3d 123 (Mo. 2021). (holding laws directly unavailable to a plaintiff directly can be enforced contractually when adopted into an otherwise valid agreement.)

6. **Count VI sufficiently states a claim under 42 USC § 1983.**

Defendant argues it cannot be held liable for its employee's actions. Doc. 32-1 at 10. However, the FAC alleges since the Defendant acts through Superintendent Banta, Commissioner Breitenfeld, Forman Brown, and Director Williams, their actions are authorized actions of Defendant in denying Plaintiffs' wages. FAC, ¶¶ 2-3, 17, 40, 50-51. The refuse division appoints

all officers and employees in the refuse division and establishes rules and standards to execute, administer, and enforce all rules relating to the official purposes of the refuse division. FAC, ¶¶ 2-3.

Defendant cites *Mettler v. Whiteledge* arguing an unconstitutional custom of discrimination requires similar conduct or incidents. 165 F.3d 1197, 1205 (8th Cir. 1999). The FAC alleges that Defendant, particularly through Superintendent Timothy Banta knowingly, willfully, and with reckless disregard, carried out an improper pattern of failing to pay Plaintiffs for all hours worked and proper overtime compensation. FAC, ¶ 26. The FAC further alleges employees grieved the practices which violated their constitutional rights, giving Defendant additional proper notice. FAC, ¶¶ 36-40.

Defendant cites *Ball-Bey v. Chandler* arguing 14 excessive force instances are not enough to establish a pattern of unconstitutional conduct but does not mention that the 14 instances occurred over 6 years, only 2.5 instances per year. 415 F. Supp. 3d 884, 896 (E.D. Mo. 2019). The FAC alleges 6 instances of violative conduct over the span of less than 3 months and with the limited information available, Plaintiffs are confident more will be revealed in discovery. FAC, ¶ 34. The continuing violative practice is further supported by Plaintiffs' grievances filed over similar misconduct since at least 2020. FAC, ¶ 37.

Defendant cites *Monell v. Dep't of Soc. Servs. of City of New York* to argue lower-level employee conduct is not pervasive enough that the municipalities high-ranking officials knew of the custom or recklessly disregarded its existence. 436 U.S. 658, 691 (1978); Doc. 32-1 at 11-12. This argument disregards the FAC. The FAC alleges the City Department of Streets Director, Betherny Williams, and Refuse Deputy Commissioner Randy Breitenfeld themselves announced the change in overtime policy rules. FAC, ¶ 50-51. This supports the high-ranking municipal

10

officials' knowledge of the challenged overtime policies and their effect on a protected class. FAC ¶¶ 18, 37, 38, 82, 100.

**7.  Count VII sufficiently states a breach of contract claim.**

Plaintiffs acknowledge after filing their Motion for Leave to File the FAC, the *Ryan Lynch, et al., v. City of St. Louis, et al*. judgement ruled against a quasi-contract claim against Defendant. 1622-CC10805 (Mo. 22nd Cir. Ct. 2024). However, the express breach of contract claim survives Defendant's Motion.

Because Count VII alleges that Defendant and Plaintiffs are parties to a collective bargaining agreement, Defendant breached its duties under the contract, and Plaintiffs suffered damages as a result of Defendant's breach, the express breach of contract count sufficiently states a claim.

For dismissal the Defendant argues Plaintiffs do not allege they are parties or third-party beneficiaries to the contract. This argument distorts the FAC. The FAC states that Plaintiffs are bargaining unit members of the Union, and the Union is a party to the Collective Bargaining Agreement. FAC, ¶¶ 109-110. The bargaining unit is the affected unit of the agreement. FAC, ¶¶ 109, 111(C) (specifically referencing the "Refuse Division" the HEO II position and some of that position's principal activities operating and maintaining heavy equipment used in refuse storage, collection, and disposal). The FAC further alleges that Plaintiffs filed a grievance claiming their rights under the Collective Bargaining Agreement. FAC, ¶ 55. This count stands. Again, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The reasonable

inference is the Plaintiffs are talking about the collective bargaining agreement that covers them, as the intended bargaining unit beneficiaries.

Defendant further argues that the count should be dismissed because it does not allege that the Collective Bargaining Agreement meets the standards of RSMo. § 432.070 or the City's Charter. This argument should be disregarded. The FAC alleges that the Defendant and Plaintiffs' Union are parties to a collective bargaining agreement and includes the relevant written provisions of the agreement. FAC, ¶¶ 110-111. Meeting the standards of RSMo. § 432.070 or the City's Charter are not included in the elements of a breach of contract claim that Defendant states. Doc. 32-1 at 13. This is a defense to be brought after discovery, the FAC adequately satisfies the applicable pleading standard.

**8. Defendant is not entitled to costs and fees to defend this action.**

Defendant argues that when a plaintiffs' lawsuit is "frivolous, unreasonable, or without foundation" the defendant is entitled to attorney fees and costs. *Fox v. Vice,* 563 U.S. 826, 833 (2011). For the foregoing reasons, Plaintiffs' FAC is not frivolous, unreasonable, or without foundation and Defendant is not entitled to attorney fees and costs. Moreover, many of Defendant's arguments are premature at this stage of litigation, as the arguments rely on Plaintiffs' inability to plead facts based on further discovery of evidence.

## CONCLUSION

WHEREFORE Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, deny Defendant's request for an award of costs and attorney fees, and for any other orders which this Court deems proper. If the Court should grant Defendant's Motion to Dismiss in full or in part, Plaintiffs request the Court do so without

prejudice and respectfully allow them for leave to amend their petition to address the Court's concerns.

                                          Respectfully submitted,

                                          HARTNETT REYES-JONES, LLC

                                          */s/ Daniel J. Sparks*
                                          DANIEL J. SPARKS, No. 75348
                                          JAMES P. FAUL, No. 58799
                                          4399 Laclede Avenue
                                          St. Louis, Missouri 63108
                                          Telephone :    314-531-1054
                                          Facsimile :    314-531-1131
                                          dsparks@hrjlaw.com
                                          jfaul@hrjlaw.com

                                          Attorneys for Plaintiffs

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on May 1, 2024, the foregoing was electronically filed with PACER and is served through the Court's electronic filing system to all attorneys of record the date of this filing.

                                                            */s/ Daniel J. Sparks*