UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CARTER, et al., | ) |
| Plaintiffs, | ) Case No. 4:23-cv-01548-CDP |
| v. | ) |
| THE CITY OF ST. LOUIS, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant City of St. Louis ("City") and submits this brief reply to Plaintiff's Memorandum of Law in Opposition to City's Motion to Dismiss The First Amended Complaint ("Opposition"). In their Opposition, Plaintiffs largely state facts that are not supported by Plaintiffs' First Amended Complaint ("FAC"). Further, Plaintiffs erroneously makes a number of legal conclusions that are both unresponsive to City's Motion to Dismiss and not supported by Plaintiffs' FAC. Consequently, City again asks this Court to grant its Motion to Dismiss Plaintiffs' FAC because Plaintiffs fail to state any claim upon which relief can be granted. In support of this reply, Defendant states:

**ARGUMENT**

**A. Count I fails to allege sufficient factual matter to state a claim upon which relief can be granted under the FLSA.**

Plaintiffs' Opposition states *Medrano v. United States* "does not support dismissal and is analyzing pre and post shift activity for which employees were not paid, but believed they should be paid". Opposition p. 2. However, *Medrano* is appropriate because the edited time sheets

1

Plaintiffs allege are a result of post-shift activity that must be approved and validated by management. Falsified or unapproved hours were amended by Refuse management as policy requires. *Medrano* is applicable because Plaintiffs' FAC does not specify amended hours, or which Plaintiffs, if any, were impacted. Even if Plaintiffs' principal activities include operating and maintaining heavy equipment used in refuse storage, collection, and disposal, confirming and amending hours is proper under Refuse policy. Plaintiffs have *not* met the standard of establishing that the uncompensated functions at issue are part of their principal activities. For these reasons, Count I is not sufficiently plead and should be dismissed.

**B. Count II fails because there is not sufficient factual matter to state a claim for which relief can be granted under the FLSA for retaliation.**

Plaintiffs claim in their opposition that the City altered its established overtime policy which is misinformed. Enforcing a policy already in effect is neither altering a policy nor does it satisfy a retaliation claim. With discrimination claims, the employer need only produce evidence that it had a nonretaliatory reason for its conduct; e.g., performance problems or misconduct. *Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016). "Disrespectful behavior" to a named plaintiff by a foreman is not a direct correlation to this lawsuit and allowing a less senior driver to have an available vehicle to drive is not retaliatory. Disrespectful behavior is not considered abusive language. A "breach of seniority status" as Plaintiffs allege in their Opposition implies a duty or contract requirement, when there is not. These are not causal connections as defined by the 8th Circuit. *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 702 (8th Cir. 2006).

Plaintiffs' Opposition states in a conclusory fashion that the timing between filing their Petition in October 2023 and any alleged issues (which Defendants do not concede are actual adverse employment actions) in January, February and March 2024 is sufficient to establish a

2

"causal connection" establishing retaliation. Actions three, four, and five months later, even if they were adverse, do not establish any temporal proximity or "causal connection" on their own. If an adverse action occurs "months" after the protected activity, there can be no inference of causation. *Tyler v. Univ. of Ark. Bd. Of Trs.*, 628 F.3d 980, 986-87 (8th Cir. 2011), see also *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 616 (8th Cir. 2003). Count II is not sufficiently plead and should be dismissed.

**C. Count III fails because the statute relied on is inapplicable to City of St. Louis employees and as a matter of law, Plaintiffs' wages have been increased, not decreased, prior to the filing of their First Amended Complaint.**

Plaintiffs do not factually allege that their wages were specifically reduced, the date any wage reduction was made effective, or how much they claim their wages were reduced. Moreover, Plaintiffs' claims are implausible on their face and Plaintiffs' hypothetical math example in their Opposition is not a statutory calculation for properly amended hours, if any. Plaintiffs conflate in their Opposition reducing a wage with reducing the number of hours compensated, which are two entirely separate fact patterns and highlights the fundamental inaccuracies in their FAC and the purpose of specific pleading requirements. The City of St. Louis has the authority to reduce the wages of its employees by repealing a current pay ordinance and passing a new one. *Sanders v. City of St. Louis*, 303 S.W.2d 925, 930 (Mo. 1957). There are no facts alleged to support underpayment in violation of the City's ordinance. Therefore, Count III must be dismissed for failure to state a claim upon which relief can be granted.

**D. Count IV fails to allege sufficient factual matter to state a claim upon which relief can be granted under the Missouri Minimum Wage Law.**

For the reasons listed above, Defendant maintains Plaintiffs have failed to state a claim for

3

municipal liability. "Missouri law regulating overtime compensation is to be interpreted in accordance with the Fair Labor Standards Act." *Id.* Plaintiffs conclusory claims that they "worked more than forty (40) hours in workweeks during times relevant to this complaint" are insufficient to withstand a motion to dismiss. First Amended Complaint, ¶ 76. Plaintiffs do not allege which weeks or which plaintiffs worked over 40 hours. Plaintiffs do not allege facts to substantiate their conclusory allegations that Defendant had knowledge that Plaintiffs worked more than 40 hours per week. Plaintiffs do not allege that they reported their time accurately, or what activities they claim to have been performing during this allegedly uncompensated time. Accordingly, Count IV fails to state a claim upon which relief may be granted and must be dismissed.

## E. Defendant agrees with Plaintiffs that Count V be dismissed as there is no "private right of action under the City's Charter.

Plaintiffs imply the City intentionally did not inform the Court of the *Lynch* case's current posture. That is not the case. However, City agrees with and acknowledges Plaintiff's voluntary dismissal of Count V.

## F. Count VI must be dismissed because Plaintiffs fail to state a claim for municipal liability under 42 USC § 1983.

Plaintiffs' are mistaken in their Opposition claiming Defendant is liable for all of its employees' actions. More importantly, Plaintiffs fail to plead facts identifying an official policy that directly caused their alleged constitutional injuries. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). An official policy involves "a deliberate choice to follow a course off action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Ware v. Jackson County, Mo*., 150 F.3d 873, 880 (8th Cir. 1998). A policy may take the form of a policy statement, local ordinance, regulation, or

4

decision officially adopted and promulgated by a local government's officers. *Monell*, 436 U.S. at 690. Under the second element, a municipality may not be held liable on the basis of custom unless there is "a pattern of 'persistent and widespread' unconstitutional practices which became so 'permanent and well settled' as to have the effect and force of law." *Monell* at 691. Here, Plaintiff pleads no facts to show that a City policymaker with final authority officially adopted and promulgated a policy statement or decision directing Refuse employees to change an overtime policy, but to enforce an existing overtime policy. Plaintiffs use legal conclusions that Timothy Banta "knowingly, willfully, and with reckless disregard, carried out an improper pattern of failing to pay Plaintiffs for all hours worked and proper overtime compensation". FAC, ¶ 26. The six instances Plaintiffs claim in FAC ¶ 34 are not violative or indicative of conduct requiring municipal liability. The list of six dates in a three-month span are generalized unsupported claims without specificity to even know which Plaintiffs each date may apply to. The alleged grievances in FAC ¶ 34 and ¶ 37 are not similar, as ¶ 34 relates to pay and ¶ 37 relates to racial groups. Plaintiffs allege overtime policies have an effect on a protected class when there is no correlation to those separate protections. Accordingly, Count VI is not sufficiently plead and should be dismissed.

### G. Count VII, Plaintiffs' breach of contract claim fails.

Plaintiffs allege the City breached the Collective Bargaining Agreement, but specifically alleges only the City and a labor union, not Plaintiffs, are parties to the agreement. First Am. Compl. ¶ 110. Plaintiffs do not allege that they are parties or third-party beneficiaries to the contract. Plaintiffs Opposition claims RSMo. § 432.070 or the City's Charter are not elements for breach of contract, but there is no contract between the City and Plaintiffs for the same reasons. Plaintiffs do not allege that the collective bargaining agreement meets the requirements of RSMo. § 432.070 or the City's Charter, therefore barring Count VII and it must be dismissed.

5

### H.  Defendant is Entitled to Costs and Attorneys' Fees

If the Court grants Defendant's Motion to Dismiss in whole or in part, it should award Defendant their reasonable costs and attorney fees associated with the filing of this motion in accordance with FRCP 54. Where, as here, a plaintiff's lawsuit is "frivolous, unreasonable, or without foundation" the prevailing defendant is entitled not only to its costs but also to its attorney fees. *Fox v. Vice*, 563 U.S. 826, 833 (2011). Plaintiffs have already conceded at least one count (Count V) is without foundation and Defendant argues the remaining counts are equally frivolous, unreasonable and without foundation. In the event the Court grants Defendant's Motion to Dismiss, Defendant requests leave to file a bill of costs and fees, together with supporting affidavits, within fourteen days of the entry of the Court's Order.

### Conclusion

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted in each and every count. Further, even if they had been adequately pleaded, Plaintiffs' claims largely fail as a matter of law. Therefore, Plaintiffs' First Amended Complaint should be dismissed.

WHEREFORE, The Court should dismiss Plaintiffs' First Amended Petition, as Plaintiffs failed to state a claim upon which relief can be granted. Defendant prays the Court rule in favor of Defendant and for such other relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

SHEENA HAMILTON
CITY COUNSELOR

/s/ Sarah Beamer
Alexis Silsbe #64637 (MO)

Associate City Counselor
Korey Lewis #68203(MO)
Associate City Counselor
Sarah Beamer #2106150111(MD)
Assistant City Counselor
Attorneys for Defendants
1200 Market Street, Room 314
St. Louis, Missouri 63103
Phone: 314-622-3361
SilsbeA@stlouis-mo.gov
LewisK@stlouis-mo.gov
BeamerS@stlouis-mo.gov
