UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CARTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1548 CDP |
| ) | |
| CITY OF ST. LOUIS, MO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiffs are Black heavy equipment operators (HEO IIs) employed by the City of St. Louis in its Refuse Division who claim that they were deprived of overtime compensation and retaliated against in violation of federal and state law. The City seeks to dismiss their complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion is granted in part and denied in part for the following reasons.

### Background Facts

The following facts are alleged in the First Amended Complaint. ECF 29. Plaintiffs operate and maintain the heavy equipment used in the storage, collection and disposal of garbage. ECF 29 at 5. HEO IIs are entitled to overtime compensation at the rate of one and one-half time their regular hourly rate when they work in excess of 40 hours in a work week. ECF 29 at 3-4. Plaintiffs allege

that in January, February, and March of 2023 "the City denied Plaintiffs wages, including overtime wages, for hours they worked within the Classified Service by paying them for fewer hours than Plaintiffs reported on their timecards and submitted to payroll personnel for submission for final approval and processing." ECF 29 at 7.   Plaintiffs allege that they "worked more than forty (40) hours in workweeks," ECF 29 at 12, and that they were not paid "overtime wages for hours they worked within the Classified Service." ECF 29 at 7.  Plaintiffs also allege that the City failed to pay the correct amount of overtime for hours worked over forty per week.  ECF 29 at 12.  Plaintiffs allege that the City acted in bad faith for failing to pay overtime compensation for all hours worked over 40 hours each week and claim that they are entitled to be paid "for all hours worked and overtime wages for all hours worked in excess of 40 hours."  ECF 29 at 8.  Plaintiffs blame Tim Banta, the Superintendent for the Refuse Division, for removing their overtime hours from their payroll records.  ECF 29 at 6-7.  Five of the eleven plaintiffs subsequently filed grievances with the City, complaining of unpaid wages and disparate treatment of Black employees.  ECF 29 at 7.

      Plaintiffs initially filed this case in Missouri state court in October of 2023, alleging violations of the Fair Labor Standards Act (FLSA).  ECF 29  at 8.  The case was removed to this Court in December of 2023 and plaintiffs were granted leave to file their amended complaint in April of 2024.  ECF 28.  In the amended

complaint, plaintiffs allege that in February of 2024 the City "changed" the overtime and wage policies in the Refuse Division to preclude an HEO II from receiving overtime pay for additional routes ("payloads") unless the scheduled hourly shift had ended.  ECF 29 at 8-9.  Plaintiffs allege: "Prior to the overtime policy change Plaintiffs earned one and one-half (1.5) times the regular rate on every payload.  Now Plaintiffs only make one and one-half (1.5) times the regular rate only if they work eight (8) or ten (10) hours first.  As payloads now worked prior to the end of a scheduled shift were reduced from one and one-half (1.5) times the regular rate to the regular rate, Plaintiffs' wages have effectively been reduced."  ECF 29 at 10, ¶ 61.  Stated otherwise, plaintiffs are demanding to be paid overtime rates for all payloads whether or not the performance of that work exceeds 40 hours.[1]

Plaintiffs allege that this policy change was made without notice to them or their union and in retaliation for their FLSA lawsuit.  Plaintiffs also allege that holiday hours were reduced and that they were not allowed to bid on additional routes in retaliation for filing this lawsuit.  Plaintiffs allege that a supervisor stated these changes were caused by the filing of this lawsuit.  Several more plaintiffs filed additional grievances with the City in 2024 related to workplace conduct.

---

[1] In its reply brief the City contends that it did not "change" its overtime policy but is now enforcing the existing overtime policy, which permits overtime rates for payloads only when they actually exceed 40 hours per workweek.  ECF 34 at 5.

3

Count I of the amended complaint alleges a violation of the FLSA for unpaid overtime wages.  Count II alleges retaliation in violation of the FLSA.  Count III alleges a violation of Missouri's Notice of Reduction of Wages Law, while Count IV alleges a violation of Missouri's Minimum Wage Law.  Count V purports to be a claim for a private right of action created by City Charter.  Count VI alleges a violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.  Count VII alleges a breach of contract.

The City moves for dismissal of the amended complaint, contending that plaintiffs have failed to allege the elements necessary to state claims under the FLSA (Counts I and II) or Missouri's Minimum Wage Law (Count IV).  The City argues that it is not subject to Missouri's Notice of Reduction of Wages Law (Count III), and that there is no private right of action created by the City Charter (Count V).  In opposition to dismissal, plaintiffs concede that they have no private right of action created by City Charter. ECF 33 at 9.  The Court will accordingly dismiss Count V.  The City also claims that plaintiffs have not alleged sufficient facts to establish an equal protection claim or municipal liability under § 1983 (Count VI).  As to Count VII, the City states that there can be no implied contract with the City and that plaintiffs have not alleged that they are parties or third-party beneficiaries to the collective bargaining agreement between the City and the union.  Plaintiffs concede that they have no implied contract with the City, but

4

argue that they can enforce the collective bargaining agreement because they are union members.

## Standards Governing Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to file a short and plain statement showing that they are entitled to relief. To meet this standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific" task requiring the Court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The factual content of the plaintiffs' allegations must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (cleaned up). To determine the plausibility of plaintiffs' claims, the Court must consider whether "obvious alternative explanations" exist for defendant's conduct. *Iqbal*, 556 U.S. at 682; Twombly, 550 U.S. at 567. The Court must then determine whether plaintiffs

5

plausibly allege a violation of the law. *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party." *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (cleaned up); *Iqbal*, 556 U.S. at 677-78.

## Discussion

Overtime Compensation Claims (Counts I and IV)

The FLSA provides that "no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29

U.S.C. § 207(a)(1) (cleaned up).  Employees have a private right of action against an employer who violates the minimum-wage or overtime provisions of the Act. 29 U.S.C. § 216(b).

Under the FLSA, an employee is entitled to compensation for his "principal activities," which include the work the employee is "employed to perform" and "all activities which are an integral and indispensable part of the principal activities." *Integrity Staffing Solutions, Inc. v. Busk* 574 U.S. 27, 33  (2014) (cleaned up).  An activity is "integral and indispensable to the principal activities"—and thus part of the employee's principal activities—"if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Id.*

Similarly, under Missouri's Minimum Wage Law (MMLW), no employee shall be employed for a workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than one and one-half times his or her regular rate.  Mo. Rev. Stat. § 290.505.1.  "Missouri law regulating overtime compensation is to be interpreted in accordance with the Fair Labor Standards Act." *Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 97 (Mo. Ct. App. 2014).

The City argues that plaintiffs failed to allege sufficient facts to support their overtime compensation claims because plaintiffs do not specify dates on which the

7

alleged violations occurred or what job duties they were allegedly performing.

Here, plaintiffs allege that their HEO II job duties as defined in the City's Classified Service system include the operation and maintenance of heavy equipment used in the storage, collection and disposal of refuse in either four ten-hour or five eight-hour days. Plaintiffs allege few facts fleshing out their claims or explaining the nature of overtime hours they worked. However, plaintiffs do allege that they "worked more than forty (40) hours in workweeks," ECF 29 at 12, and that they were not paid "overtime wages for hours they worked within the Classified Service." ECF 29 at 7. Plaintiffs also allege that the City failed to pay the correct amount of overtime for hours worked over 40 per week. ECF 29 at 12.

Construing the allegations liberally in favor of plaintiffs (as I must), the allegations can be read as alleging that plaintiffs were denied overtime wages for performing their principal job activities of operating and maintaining heavy equipment used in garbage collection when those job activities exceeded either four ten-hour or five eight-hour days (i.e., 40 hours). Although the amended complaint lacks detail and is far from a model of clarity, plaintiffs have adequately alleged overtime compensation claims with respect to hours worked in excess of their usual job requirements of either four ten-hour or five eight-hour days, as they are not required to plead specific weeks in which they worked more than forty hours without time and a half pay. *See Walkinshaw v. Saint Elizabeth Regional*

8

*Medical Center*, 428 F. Supp. 3d 171, 180-81 (D. Neb. 2019); *Williams v. Simmons*, 2020 WL 4195007, at *3 (W.D. Ark. July 21, 2020) (since employer, not employee, has duty to maintain records of hours and wages, it is not necessary to identify in complaint specific weeks in which a violation occurred to satisfy Fed. R. Civ. P. 8).

However, to the extent Counts I and IV seek overtime compensation for payloads when their workweeks do <u>not</u> exceed 40 hours, the motion to dismiss is granted as plaintiffs have no entitlement under either the FLSA or the MMWL for overtime compensation for hours which do not exceed the 40 hour workweek. *See Bell v. Iowa Turkey Growers Co-op.*, 407 F. Supp. 2d 1051, 1058 (S.D. Iowa 2006) ("Employers are obligated to pay overtime only for hours worked in excess of forty in a week.") (cleaned up). Accordingly, the City's motion to dismiss Counts I and IV is granted only as to overtime compensation for hours which do not exceed the 40 hour workweek, and is otherwise denied.

<u>FLSA Retaliation Claim (Count II)</u>

Under the FLSA, it is unlawful to discharge or discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

9

The Court analyzes a claim of FLSA retaliation under the burden-shifting framework established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011). Under the *McDonnell Douglas* burden-shifting framework, plaintiffs have the initial burden of establishing a prima facie case of retaliation. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011). To establish a prima facie case of retaliation, plaintiffs must show that they participated in a statutorily protected activity, the City took adverse employment action against them, and there was a causal connection between plaintiffs' statutorily protected activity and the adverse employment action. *Montgomery v. Havner*, 700 F.3d 1146, 1149 (8th Cir. 2012). "If an employee establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its action." *Fercello v. Cty. of Ramsey*, 612 F.3d 1069, 1078 (8th Cir. 2010). If the employer does so, "the burden then shifts back to the employee to put forth evidence of pretext, the ultimate question being whether a prohibited reason, rather than the proffered reason, actually motivated the employer's action." *Id.* In addition, plaintiffs alleging retaliation must demonstrate that the adverse employment action would not have occurred "but for" the retaliatory motive. *University of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 359 (2013).

The City argues that Count II should be dismissed because plaintiffs have

not alleged "an adverse employment action or a causal connection from an actual decisionmaker."  ECF 32-1 at 5.  However, at the pleading stage plaintiffs need not plead facts establishing a *prima facie* case for their retaliation claim.  *Wilson v. Ark. Dept. of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). Since "the prima facie model is an evidentiary, not a pleading standard there is no need to set forth a detailed evidentiary proffer in a complaint."  *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (cleaned up).  "But to state a claim to relief that is plausible on its face, a plaintiff must plead facts that would establish the ultimate elements of her claim."  *Du Bois v. Board of Regents of University of Minnesota*, 439 F. Supp. 3d 1128, 1135 (D. Minn. 2020).

      Here plaintiffs specifically allege that four months after this lawsuit was filed, the City "amended" its overtime wage policy to reduce plaintiffs' overtime wages, reduced availability of holiday pay, and refused to allow them to bid for additional routes in retaliation for seeking FLSA relief in state court.   Plaintiffs also allege that one of the supervisors stated that this lawsuit and plaintiff Michael Carter "are the reasons" for all the actions taken by the City.  ECF 29 at 8-10.

      Although the Court doubts that declining to pay overtime wages for non-overtime hours constitutes an adverse employment action, the remaining allegations adequately allege a FLSA retaliation claim such that it survives dismissal at this time.  Whether some or all of the plaintiffs will ultimately prevail

11

on this claim is not properly before me at this stage of the proceedings. Plaintiffs are entitled to conduct discovery on their retaliation claim. The City's motion to dismiss Count II is denied.

<u>Missouri Notice of Reduction of Wages Claim (Count III)</u>

In Count III, plaintiffs allege that their overtime wages were reduced without notice in violation of Missouri's Unpaid Wage Law (MUWL), Mo. Rev. Stat. § 290.100, which provides:

> Any railway, mining, express, telegraph, manufacturing or other company or corporation doing business in this state, and desiring to reduce the wages of its employees, or any of them, shall give to the employees to be affected thereby thirty days' notice thereof. Such notice may be given by posting a written or printed handbill, specifying the class of employees whose wages are to be reduced and the amount of the reduction, in a conspicuous place in or about the shops, station, office, depot or other place where said employees may be at work, or by mailing each employee a copy of said notice or handbill, and such company or corporation violating any of the provisions of this section shall forfeit and pay each party affected thereby the sum of fifty dollars, to be recovered by civil action in the name of the injured party, with costs, before any court of competent jurisdiction.

Mo. Rev. Stat. § 290.100. The City moves to dismiss Count III on the ground that it is not alleged to be a "railway, mining, express, telegraph, manufacturing or other company or corporation doing business in this state." Instead, defendant is alleged to be a "charter city established by the Missouri Constitution." ECF 29 at 1. In opposition to dismissal, plaintiffs point to their allegation that the "City is a corporation doing business in the state." ECF 29 at 10.

The City's reply brief fails to address or refute plaintiffs' allegation, and neither party has provided the Court with any case law either interpreting this statute or discussing its applicability to the City.  Notably, the City does not contend that it is not a corporation for purposes of this statute, only that it is not so alleged in the amended complaint.  As this argument is refuted by the plaintiffs' allegation that the City is, in fact, a "corporation" for purposes of this statute, and in the absence of any authority supporting the City's position, the Court denies the motion to dismiss Count III on that basis at this time.

The City also argues that it increased, not decreased, the wages of plaintiffs by virtue of a new pay ordinance, so plaintiffs cannot maintain an action under this statute as a matter of law.  This argument equates the term "wages" with "wage rate" and engrafts a limitation not supported by the plain language of the statute or any caselaw.  No definition of "wages" appears in the statute, but "wages" is defined in the MMWL as "compensation due to an employee by reason of his employment."  Mo. Rev. Stat. § 290.500(7).  Given the expansive definition of "wages" in Missouri's companion wage statute and the absence of any supporting authority provided by the City, the Court declines to dismiss Count III on that basis at this time.

Equal Protection Claim (Count VI)

13

The Equal Protection Clause generally "requires the government to treat similarly situated people alike." *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018). To state an equal protection claim, plaintiffs must demonstrate that they were treated differently than others who were similarly situated to them. *Adam and Eve Jonesboro, LLC v. Perrin,* 933 F.3d 951, 959 (8th Cir. 2019). Absent this threshold showing, they have failed to state a claim. *Id.* at 959-60. "Dissimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).

Here, plaintiffs' barebones assertion that they are "paid less" than white HEO IIs fails to plausibly allege sufficient facts to establish a violation of the Equal Protection Clause given that all HEO IIs are compensated under the same City pay ordinance and plaintiffs allege that "non-plaintiff HEO IIs" were also told of the overtime policy "change" and grieved it along with plaintiffs. ECF 29 at 8-9. Plaintiffs fail to allege *how* they were paid less – i.e., by failing to receive a lesser hourly wage than similarly situated white HEO IIs (despite the pay ordinance), by failing to receive overtime compensation for hours worked in excess of 40 while white HEO IIs received overtime pay, etc. It is not sufficient to simply say that they were "paid less" or that they received "less compensation" than white HEO IIs "of the same rank and years of service" because those other HEO IIs may have simply worked more hours or been entitled to "more

14

compensation" for some other "obvious alternative" non-discriminatory reason. *See Iqbal*, 556 U.S. at 682. Plaintiffs have therefore failed to allege that they were treated dissimilarly from white HEO IIs who were similarly situated in all relevant respects. Accordingly, they have failed to state a claim under the Equal Protection Clause. Count VI is accordingly dismissed.

Count VII: Breach of Contract

Plaintiffs admit they have no implied contract with the City, so to the extent Count VII rests upon an implied contract it is dismissed. Plaintiffs also allege that the City breached the collective bargaining agreement with the union. ECF 29 at 16. Although plaintiffs allege they are union members, they do not allege that they are parties to the agreement or are otherwise entitled to enforce its provisions as intended third-party beneficiaries. Under Missouri law, "only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract." *Verni v. Cleveland Chiropractic College*, 212 S.W.3d 150, 153 (Mo. 2007) (cleaned up). As plaintiffs do not allege that they are parties or third-party beneficiaries entitled to enforce the provisions of any collective bargaining agreement between the City and the union, they lack standing to sue for any alleged breach of the collective bargaining agreement. *See id.* Count VII is accordingly dismissed for failing to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss the first amended complaint [32] is granted as to Counts V-VII, granted in part and denied in part as stated above as to Counts I and IV, and denied in all other respects.

This case will be set for a Rule 16 scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2024.